381 So.2d 420 (1980)
STATE of Louisiana
v.
John A. TOMASETTI, Jr.
No. 65744.
Supreme Court of Louisiana.
March 3, 1980.
Rehearing Denied April 7, 1980.
*421 A. Kennon Goff, III, Goff, Goff, Levy & Hearn, Ruston, for defendant-relator.
William J. Guste, Jr., Atty. Gen., Barbara Rutledge, Asst. Atty. Gen., T. J. Adkins, Dist. Atty., Dan J. Grady, III, Asst. Dist. Atty., Ruston, for plaintiff-respondent.
MARCUS, Justice.[*]
John A. Tomasetti, Jr. was charged by bill of information with possession with intent to distribute cocaine in violation of La.R.S. 40:967. Defendant filed a motion to suppress the six grams of cocaine found in a package addressed to him pursuant to a search warrant. He argued that the affidavit upon which the warrant was issued failed to disclose probable cause. After a hearing, the trial judge denied the motion. We granted defendant's application under our supervisory jurisdiction to review the correctness of this ruling. La.Const. art. 5, § 5(A).
The evidence adduced at the suppression hearing is not in dispute. James Earl Hawkins, agent employed by the United States Justice Department, Drug Enforcement Administration in Shreveport, Louisiana, testified that he was informed by Jim Borden, DEA agent in Tampa, Florida, on April 26, 1979, that Borden and another agent had tested the white powder contained in a package shipped at the Federal Express Office in Tampa by one Bill McVay to J. Tomasetti, 804 Ponder Avenue in Ruston, Louisiana. The white powder proved positive for the presence of cocaine. The package was resealed for shipping. Borden then contacted Hawkins who in turn contacted Trooper Robert Ellis of the Louisiana State Police in Ruston and related the aforesaid information to him. Ellis testified that he confirmed, through a local utility company, that a John Tomasetti resided at 804 Ponder Avenue, the address on the package. A further check of the license plate (New Jersey) on a gold Toyota parked at that address revealed that the vehicle was registered in the name of Margurite Tomasetti of Middlesex, New Jersey.
When the package arrived in Ruston, defendant was contacted and informed that the package had arrived. Defendant indicated that he would pick up the package immediately. A surveillance had been placed on defendant's residence and the bus station. Within five minutes, defendant arrived at the bus station, identified himself as the addressee, received the package, and signed a receipt for it.
*422 As defendant came out of the bus station, Trooper Ellis, together with Deputy Jim Tuten, stopped defendant, gave him his rights, and brought him across the street to the courthouse for questioning. Defendant stated that the package was in his hand when he left the bus station but that it was taken from him at some point by Trooper Ellis and placed on a table in front of him during questioning. The officers requested defendant's permission to open the package, but he refused to sign the waiver form presented. Because of his refusal to consent to a search of the package, the officers decided to procure a search warrant. Trooper Ellis executed the affidavit and obtained a search warrant. Upon his return to the courthouse, the package was opened; it contained approximately six grams of cocaine. While Trooper Ellis stated that he had not placed defendant under arrest at the time of questioning, he admitted that defendant was under detention and, if he had tried to walk off, they would have "physically" stopped him.
The affidavit upon which the search warrant was issued recited the following facts to establish probable cause:
Affiant received a call from U. S. Drug Enforcement Agent Jim Hawkins in Shreveport, Louisiana reference a [sic] envelope containing cocaine that was due to be shipped to Ruston, La. from Tampa, Fla. I received this call approximately 9:00 a. m. April 27, 1979. Agent Hawkins informed affiant that Federal Agents, including Agent Hawkins, had knowledge that a [sic] envelope or package addressed to J. Tomassetti [sic], 804 Ponder Avenue, Ruston, La., from Bill McVay, 5404-H Ginger Court Apt., Tampa, Fla. would be arriving by April 30, 1979. Said Agent Hawkins informed affiant that the said package or envelope contained cocaine, a controlled dangerous substance.
Agent Hawkins further informed affiant on April 30, 1979 that said package would arrive in Ruston on the 2:50 p. m. eastbound Continental Trailways Bus. At approximately 2:50 p. m., said bus did arrive at the Ruston Bus Station and said package or envelope was delivered to the manager of the Ruston Bus Station for delivery or pick-up by John Tomassetti [sic]. At approximately 3:00 p. m. manger, [sic] Mr. Barnett, called John Tomassetti [sic] at a phone number 255-8079 which was on the bus bill and advised him that his package had arrived at the bus station. At approximately 3:05 p. m. John Tomassetti [sic] arrived at the Ruston Bus Station and picked up said package or envelope after first signing for it. John Tomassetti [sic] exited the bus station with the package or envelope in his possession.
La.Code Crim.P. art. 162 provides in pertinent part:
A search warrant may issue only upon probable cause established to the satisfaction of the judge, by the affidavit of a credible person, reciting facts establishing the cause for issuance of the warrant.
See also U.S. amend. 4; La.Const. art. 1, § 5 (1974).
The affidavit submitted to the magistrate may be based on hearsay, but, if so, it must set forth the underlying circumstances and details sufficient to provide a substantial factual basis by which the magistrate might find reliable both the informant and the information given by him. Aguilar v. Texas, 378 U.S. 108, 84 S.Ct. 1509, 12 L.Ed.2d 723 (1964); State v. Mena, 344 So.2d 357 (La.1976); State v. Paciera, 290 So.2d 681 (La.1974).
The fact that the information in the instant case was supplied by a named law enforcement officer, i. e., "United States Drug Enforcement Agent Jim Hawkins in Shreveport, Louisiana," is sufficient to support the credibility of the informant. United States v. Ventresca, 380 U.S. 102, 85 S.Ct. 741, 13 L.Ed.2d 684 (1965); United States v. Beusch, 596 F.2d 871 (9th Cir. 1979). However, the affidavit fails to establish the reliability of the information in that it does not recite the underlying circumstances from which Hawkins had concluded that the package contained cocaine. Thus, the affidavit fails to establish probable cause, making the search warrant invalid. *423 Nevertheless, the state contends that seizure of the package and its subsequent search is valid as incident to a lawful arrest for which no warrant was required. We agree.
It is well settled that a search conducted without a warrant issued upon probable cause is per se unreasonablesubject only to a few specifically established and well-delineated exceptions. Schneckloth v. Bustamonte, 412 U.S. 218, 93 S.Ct. 2041, 36 L.Ed.2d 854 (1973); Coolidge v. New Hampshire, 403 U.S. 443, 91 S.Ct. 2022, 29 L.Ed.2d 564 (1971). One of these exceptions is a search incident to a lawful arrest made of a person and the area in his immediate control. Chimel v. California, 395 U.S. 752, 89 S.Ct. 2034, 23 L.Ed.2d 685 (1969). Such a search is justified in order to discover weapons that may threaten the safety of the arresting officer and to prevent the concealment and destruction of evidence. It has been recently confirmed that an arrest made in a public place without a warrant is valid if founded on probable cause, regardless of the presence or absence of exigent circumstances. United States v. Watson, 423 U.S. 411, 96 S.Ct. 820, 46 L.Ed.2d 598 (1976). But, in order to justify a search as incident to an arrest, an arrest must have already occurred and the arrest itself must have been lawful. State v. Marks, 337 So.2d 1177 (La.1976). Finally, when the constitutionality of a warrantless search is at issue at a suppression hearing, the state must bear the burden of affirmatively showing that it was justified under one of the exceptions to the warrant requirement. State v. Adams, 355 So.2d 917 (La.1978); State v. Franklin, 353 So.2d 1315 (La.1977).
In order to ascertain the validity of the seizure of the package and its subsequent search in this case, we must determine when defendant was actually arrested and whether the arrest was based upon probable cause to believe that he had committed a crime.
La.Code Crim.P. art. 201 defines "arrest" as follows:
Arrest is the taking of one person into custody by another. To constitute arrest there must be an actual restraint of the person. The restraint may be imposed by force or may result from the submission of the person arrested to the custody of the one arresting him.
The statutory definition of "arrest" is keyed to the concept of restraint. It is the circumstances indicating an intent to effect an extended restraint on the liberty of an accused, rather than the precise timing of an officer's statement: "You are under arrest," that are determinative of when an arrest is actually made. State v. Marks, supra; State v. Warren, 283 So.2d 740 (La.1973). In the instant case, we are convinced that defendant was arrested when he was stopped by the police as he exited the bus station and taken by them to the courthouse for questioning. He was unmistakably restrained; he was under arrest. The fact that he was not verbally advised that he was under arrest until after the package was subsequently opened does not alter the fact of arrest.
A warrantless arrest, no less than an arrest pursuant to a validly-issued warrant, must be based on probable cause. State v. Thomas, 349 So.2d 270 (La.1977). Probable cause exists when the facts and circumstances known to the arresting officer and of which he has reasonably trustworthy information are sufficient to justify a man of ordinary caution in believing that the person to be arrested has committed a crime. Beck v. Ohio, 379 U.S. 89, 85 S.Ct. 223, 13 L.Ed.2d 142 (1964); State v. Marks, supra. Probable cause must be judged by the probabilities and practical considerations of everyday life on which average men, and particularly average police officers, can be expected to act. State v. Marks, supra. Compliance with these standards is in the first instance a substantive determination to be made by the trial judge from the facts and circumstances of the case. Ker v. California, 374 U.S. 23, 83 S.Ct. 1623, 10 L.Ed.2d 726 (1963); State v. Marks, supra.
*424 In the instant case, Trooper Ellis had received information from Agent Hawkins that the package addressed to defendant had been tested and found to contain cocaine. Ellis verified that the named addressee, defendant, did in fact reside at the address shown on the package. Defendant was approached by the officers as he exited the bus station with the package in his possession. We conclude that ample probable cause existed prior to the arrest of defendant. Accordingly, since the arrest was constitutionally valid, the seizure of the package from defendant and its subsequent search were permissible as incident to his arrest. The package, a 12" × 15" white and blue "Courier-Pak" envelope, was within defendant's immediate possession and control at the time of his arrest. Since a search of the package could have been made on the spot at the time of the arrest, the subsequent search could legally be conducted later when defendant arrived at the place of detention.[1]United States v. Edwards, 415 U.S. 800, 94 S.Ct. 1234, 39 L.Ed.2d 771 (1974); State v. Rogers, 324 So.2d 403 (La.1975). The seizure of the package and its subsequent search were incident to a lawful arrest and therefore the contents thereof (cocaine) were admissible in evidence. The trial judge correctly refused to suppress the evidence.

DECREE
For the reasons assigned, the ruling of the trial judge denying the motion to suppress is affirmed; the case is remanded to the district court for further proceedings.
NOTES
[*] Chief Judge PAUL B. LANDRY, Retired, participated in this decision as an Associate Justice Ad Hoc.
[1] The instant case is factually distinguishable from United States v. Chadwick, 433 U.S. 1, 97 S.Ct. 2476, 53 L.Ed.2d 538 (1977). In Chadwick, federal agents removed a heavy, double-locked footlocker from the trunk of defendant's automobile at the time of his arrest and transported the footlocker to their headquarters where it was subsequently searched.