DOMENGEAUX, Judge.
Defendant, Robert D. Mitchell, was charged by bill of information on June 15, 1981, with two counts of possession of a *626 controlled dangerous substance in violation of LSA-R.S. 40:967(C) and 40:969(C). (Count 1, Pentazocine; Count 2, Phenme-trazine). Defendant pled guilty to both counts on January 23, 1983, reserving his right to appeal the denials of his motions to suppress and to compel disclosure of the identity of the confidential informant, which denials occurred on December 3, 1982.
Defendant was sentenced to serve two and one-half (2V2) years in the Louisiana Department of Corrections on each count to run concurrently. Defendant appeals as error the lower court’s denial of the motions as stated above.
PACTS
On May 15, 1981, Calcasieu Parish deputy sheriffs received information from a confidential informant that two subjects were in the Lake Charles area on Pine Street, between Boston Alley and Enterprise Boulevard across from Big Al’s. Both were said to have controlled dangerous substances in their possession. The confidential informant advised the deputies that defendant, Robert D. Mitchell and one Mack Rogers, were across from Big Al’s and that Mitchell was wearing brown short pants, a white T-shirt, blue tennis shoes and blue and white socks. The informant also stated that Mitchell had a matchbox containing precludes and that the informant had been with Mitchell only minutes before he made this call. The informant also described what Mr. Rogers was wearing.
Having received reliable information in the past from this informant, the deputies went to the described location and found the defendant and Mack Rogers in the said location, dressed as the informant had described. Mr. Rogers attempted to flee but was stopped and found to have controlled dangerous substances in his possession. Upon searching the defendant’s person, the deputies found a matchbox which contained a quantity of precludes. Defendant was then formally placed under arrest and advised of his constitutional rights as per Miranda.[1] En route to the sheriff’s office defendant remarked “I'd sure like to know who snitched me off.”
Defendant was charged by bill of information with two counts of possession of a controlled dangerous substance. On December 3, 1982, the trial court denied defendant’s motion to suppress and motion to compel disclosure of the confidential informant’s identity. On January 26, 1983, defendant pled guilty to both counts and was sentenced as hereinabove indicated.
ASSIGNMENT OP ERROR NO. 1
Defendant claims by this assignment that the trial court erred in denying defendant's motion to suppress the evidence seized in a search incident to a warrantless arrest. Defendant argues that the pat-down search, which resulted in discovery of the matchbox of pills, was conducted after the arrest was made, but that, before finding said pills, the officers did not have probable cause to arrest defendant.
There can be no doubt that “a search conducted without a warrant issued upon probable cause is per se unreasonable.” Schneckloth v. Bustamonte, 412 U.S. 218, 93 S.Ct. 2041, 36 L.Ed.2d 854 (1973); State v. Tomasetti, 381 So.2d 420 (La.1980); State v. Bourgeois, 388 So.2d 359 (La.1980). An exception to this rule is where the search, incident to a lawful arrest, is made of the person and of the area under his immediate control. State v. Tomasetti, supra at 423; Chimel v. California, 395 U.S. 752, 89 S.Ct. 2034, 23 L.Ed.2d 685 (1969).
“Such a search is justified in order to discover weapons that may threaten the safety of the arresting officer and to prevent the concealment and destruction of evidence. It has been recently confirmed that an arrest made in a public place without a warrant is valid if founded on probable cause, regardless of the presence or absence of exigent circumstances. United States v. Watson, 423 *627 U.S. 411, 96 S.Ct. 820, 46 L.Ed.2d 598 (1976). State v. Tomasetti, supra at 423.” [Emphasis added by the Court],
Of course, in order to justify the search made of defendant Mitchell’s person, the arrest must have already been made and the arrest itself must have been based on probable cause. State v. Marks, 337 So.2d 1177 (La.1976); State v. Tomasetti, supra; State v. Thomas, 349 So.2d 270 (La.1977); State v. Arceneaux, 425 So.2d 740, 743 (La.1983).
The warrantless arrest of defendant was based on probable cause. The Louisiana Code of Criminal Procedure, art. 213 provides in part:
“A peace officer may, without a warrant, arrest a person when:
******
(3) The peace officer has reasonable cause to believe that the person to be arrested has committed an offense, although not in the presence of the officer.
******
Reasonable cause, which we have treated under this article as consonant with the probable cause concept, exists when the facts and circumstances known to the arresting officer and of which he has reasonably trustworthy information are sufficient to justify a man of ordinary caution in believing that the person to be arrested has committed a crime. Beck v. Ohio, 379 U.S. 89, 85 S.Ct. 223, 13 L.Ed.2d 142 (1964); State v. Drew, 360 So.2d 500 (La.1978). Probable cause may be judged by the probabilities and practical considerations of everyday life on which average men, and particularly average police officers, can be expected to act. State v. Drew, supra. Compliance with these standards is in the first instance a substantive determination to be made by the trial judge from the facts and circumstances of the case. Ker v. California, 374 U.S. 23, 83 S.Ct. 1623, 10 L.Ed.2d 726 (1963); State v. Drew, supra.”
State v. Arceneaux, supra at 743.
The arresting officers had received trustworthy information upon which to base their belief that defendant was engaged in an ongoing commission of a criminal act. This information came from someone who had just been with the defendant minutes earlier. The informant had given reliable information in the past which had led to at least ten arrests and five convictions. Moreover, the officer testified that this informant had never given erroneous information. He had accurately described the location where defendant and Rogers could be found. He accurately described what defendant and his associate were wearing. He even pinpointed that the illegal substances could be found in a matchbox on the defendant. There is no doubt that officers may arrest or search an individual on the basis of hearsay information when such information
“eontain[s] underlying circumstances and details sufficient to provide a substantial factual basis to conclude both (1) that the informant is credible and (2) that the information so furnished ... was obtained under circumstances or from sources factually indicating its veracity.” (Citation omitted)
State v. Wilson, 366 So.2d 1328, 1331 (La.1978).
Given the fluid nature of narcotics trafficking, the officers did not have time to secure a warrant. At the mere sight of a police car, defendant’s associate broke out running. Realizing that all of the informant’s information had proved to be accurate, and seeing defendant’s associate take flight, the arresting officers clearly had probable cause to restrain the defendant, i.e., to arrest him and conduct a search incident thereto. In spite of these facts, defendant argues that the officers should have tried to obtain a warrant for defendant’s arrest. But, the right of an officer to arrest someone upon probable cause does not depend on the officer’s inability to obtain an arrest warrant. State v. Linkletter, 345 So.2d 452, 456 (La.1977), cert. den. 434 U.S. 1016, 98 S.Ct. 733, 54 L.Ed.2d 760. In Gerstein v. Pugh, 420 U.S. 103, 114, 95 *628 S.Ct. 854, 863, 43 L.Ed.2d 54 (1975), the United States Supreme Court declared that
“it has never invalidated an arrest supported by probable cause solely because the officers failed to secure a warrant.”
See also, U.S. v. Watson, 423 U.S. 411, 96 S.Ct. 820, 46 L.Ed.2d 598 (1976); State v. Johnson, 319 So.2d 786 (La.1975); State v. Terracina, 309 So.2d 271 (La.1975); State v. Shaffer, 257 So.2d 121 (La.1971); State v. Linkletter, supra. Thus the State established that there was probable cause to arrest defendant based on the information received by the sheriffs deputies together with what deputies saw as they attempted to confront the defendant.
Defendant also argues by this assignment that the pat-down search of defendant’s person did not come under the search-incident-to-arrest exception to war-rantless searches because it was conducted before defendant Mitchell was in fact under arrest at the time that the pat-down search was made.
The Louisiana Code of Criminal Procedure, art. 201 defines arrest as:
“... the taking of one person into custody by another. To constitute arrest there must be an actual restraint of the person. The restraint may be imposed by force or may result from the submission of the person arrested to the custody of one arresting him.”
This definition of arrest is keyed to the concept of “restraint.”
“It is the circumstances indicating an intent to effect an extended restraint on the liberty of an accused, rather than the precise timing of an officer’s statement: ‘You are under arrest,’ that are determinative of when an arrest is actually made.” (Citations omitted).
State v. Tomasetti, supra, at 423.
The facts, as shown on the record herein, indicate that defendant was under arrest when the pat-down search was made. Deputies, acting on information from a reliable informant who had just been with the defendant, upon arriving at the scene described by the informant, saw one of the suspects take flight. When the police cars approached Mr. Rogers and defendant, one car took out after the fleeing Mr. Rogers and one pulled up to defendant to ensure he could not escape.
There is no doubt that defendant was being restrained by sheriff’s deputies while the two state troopers subdued Mack Rogers. That the officers did not say to defendant “you are under arrest for possession of controlled dangerous substances” right at that moment makes no difference. Defendant was therefore “under arrest” though no formal statement had been made by the arresting officer. Additionally, the officers were justified in making the pat-down search as it would be very easy for the defendant to dispose of a few pills if given the chance.
Thus it is clear that the deputies had probable cause to arrest the defendant and search defendant’s person incident to that arrest to prevent the concealment and destruction of evidence and for the deputies’ own safety.
For the reasons as stated above, this assignment lacks merit.
ASSIGNMENT OF ERROR NO. 2
By this assignment, defendant argues that the trial court erred in denying defendant’s motion to compel the disclosure of the identity of the confidential informant. Defendant argues that the identity of the informant here is “essential to a fair determination” of the issue of probable cause. Identification of the confidential informant is not necessary or even material to the determination of defendant’s guilt or innocence. There is no allegation that the informant in any way framed the defendant.
“When the issue is not guilt or innocence, but probable cause for an arrest or search, police officers need not invariably be required to disclose an informant’s identity, if the trial judge is convinced, by evidence submitted in open court and subject to cross-examination, that officers did rely in good faith upon credible information supplied by the in *629 formant.” (Citation omitted). [Emphasis added by the Court].
State v. Diliberto, 362 So.2d 566, 567 (La.1978).
Here, the issue is not guilt or innocence but is probable cause. Moreover, the trial judge below, in articulating his reasons for denial, makes it clear that, after viewing the testimony presented by the State in open court, he was convinced that the officers acted in good faith, on credible information, supplied by a trustworthy informant. As the discussion under assignment No. 1 makes clear, the informant gave detailed information on the description of defendant, his whereabouts, type of illegal substances he possessed, and where such substances were kept. Also, informant had given accurate information in the past which had led to several convictions. His reliability was enforced by the officers’ knowledge that this informant had never given erroneous information.
Defendant alleges no exceptional circumstances which would require the disclosure of the informant’s identity. All of defendant’s allegations as to why he would like to question the informant go only to the question of whether or not the officers had probable cause to arrest the defendant. These question, such as, “Was informant on the police pay roll?; Was he promised help or leniency for informing?, etc., were all answered in the trial court through the direct and cross-examination of Officer Becton. As defendant is unable to allege any exceptional reasons for disclosing the identity of the State’s confidential informant, the trial judge was correct in denying defendant’s motion for said disclosure.
“The court will order the disclosure of the name of the confidential informant only under exceptional circumstances for the prevention of an injustice. The burden is upon the defendant to show exceptional circumstances justifying disclosure. See State v. Rhodes, 308 So.2d 770 (La.1975); State v. Howard, 283 So.2d 197 (La.1973); and State v. Dotson, 256 So.2d 594 (La.1971). State v. Marks, 337 So.2d 1177 (La.1976).”
Contrary to defendant’s argument, it is not necessary to put the informant on the witness stand to determine the reliability of the information upon which the police acted. The facts as articulated in Officer Becton’s testimony led to no other conclusion but that informant’s information was fully accurate in every detail and, from past experience, that the informant was very reliable. The confidential informant not only told police that defendant was in possession of “some pills” but told police what types of controlled dangerous substances were in defendant’s possession.
The trial judge might also consider the officer’s testimony to the effect that defendant told officers en route to the sheriff’s office that he “sure would like to know who snitched me off.” This underscores the importance of keeping the identity of informants confidential unless they themselves are offering testimony against the accused. Confidentiality is the only means to truly ensure an informant’s safety. Had the trial judge ordered disclosure of informant’s identity he would have defeated the purpose of the government’s privilege to keep such identities secret and may well have endangered the health and welfare of the informant.
“What is usually referred to as the informer’s privilege is in reality the Government’s privilege to withhold from disclosure the identity of persons who furnish information of violations of law to officers charged with enforcement of that law.
The purpose of the privilege is the furtherance and protection of the public interest in effective law enforcement. The privilege recognizes the obligation of citizens to communicate their knowledge of the commission of crimes to law enforcement officials and, by preserving their anonymity, encourages them to perform that obligation.”
Roviaro v. United States, 353 U.S. 53, 59, 77 S.Ct. 623, 627, 1 L.Ed.2d 639 (1957).
For these reasons this assignment lacks merit.
*630 DECREE
For the above and foregoing reasons defendant’s conviction and sentence for the crimes of possession of a controlled dangerous substance are affirmed.
AFFIRMED.

. Miranda v. Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966).