GROVER L. COVINGTON, Chief Judge.
John Wesley Rigsby, defendant, was charged by bill of information with one count of possession of marijuana with intent to distribute in violation of LSA-R.S. 40:966(A). He pled not guilty, and subsequently filed a motion to suppress the evidence, the marijuana. After hearing, the defendant’s motion to suppress the marijuana was denied. Thereafter, the defendant entered a Crosby [1] plea, reserving his right to appeal the adverse ruling on the motion to suppress. The defendant received a suspended sentence of eight years at hard labor. The defendant was placed on active, supervised probation, with a special condition that he serve one year in the parish prison.
The defendant has appealed alleging four assignments of error, as follows:
1. The trial court erred in conducting the motion to suppress on two different days.
2. The trial court erred in conducting the motion to suppress before one judge and having a second judge render a decision on the motion to suppress based only on the record.
3. The trial court erred in allowing a witness, Sergeant Kenny Shelton, to be recalled by the state to testify on the motion to suppress hearing.
4. The trial court erred in denying the motion to suppress based upon the lack of probable cause to stop the defendant’s vehicle.
*886 On September 23, 1983, Sergeant Kenny Shelton of the East Baton Rouge Parish Sheriffs Department received a telephone call from a confidential informant (C.I.)The C.I. had previously given information to Sergeant Shelton which resulted in at least two arrests. The C.I. told Sergeant Shelton that John Rigsby would be bringing a large quantity of marijuana into the Baton Rouge area. The C.I. informed the officer that Rigsby would be driving an orange station wagon across the old Mississippi River Bridge on Highway 61. The C.I. also stated that the station wagon would have a religious sticker on it, and he supplied the license plate number of the station wagon. Sergeant Shelton immediately contacted the West Baton Rouge Parish Sheriff’s Department, and a surveillance was established on both sides of the old Mississippi River Bridge.
When law enforcement officers first observed Rigsby, he was driving an orange station wagon which was traveling from Baton Rouge. The officers followed Rigs-by to a house in Bueche, Louisiana. The law enforcement officers set up several surveillance positions around the house. Rigsby was observed entering the house at least once. The officers also observed Rigsby remove a large garbage bag from a vehicle parked next to the house and place it in the rear of his station wagon.
Rigsby left the house and drove back to Baton Rouge followed by the officers. After Rigsby crossed the old Mississippi River Bridge into East Baton Rouge Parish, a marked police unit stopped his vehicle. His driver's license identified him as John Rigs-by, and the license plate number was the same as that given by the C.I. Shortly thereafter, the officers who had been following Rigsby arrived at the scene. The officers searched the defendant’s vehicle without his permission. A plastic garbage bag containing approximately eleven pounds of marijuana was found under the rear floor-board in the spare tire well. The defendant was arrested and subsequently charged with possession of marijuana with intent to distribute.
ASSIGNMENT OF ERROR NUMBER FOUR
By this assignment, the defendant contends that his motion to suppress was improperly denied by the trial court. The defendant argues that the officers lacked probable cause to stop his vehicle. Considering the totality of the circumstances, we find that the officers had probable cause to stop and search the defendant’s vehicle.
The present standard for warrantless automobile searches under the Fourth Amendment was expressed in United States v. Ross, 456 U.S. 798, 102 S.Ct. 2157, 72 L.Ed.2d 572 (1982). In Ross, the U.S. Supreme Court held that police officers who have legitimately stopped an automobile and who have probable cause to believe that contraband is concealed within it “may conduct a search of the vehicle that is as thorough as a magistrate could authorize in a warrant particularly describing the place to be searched.” 102 S.Ct. 15 2159. See State v. Brooks, 452 So.2d 149 (La.1984).
In the instant case, if the law enforcement officers had probable cause to believe that the defendant’s vehicle contained contraband, then the search which they conducted was clearly authorized under Ross. Therefore, the question in this case is whether or not the officers had probable cause to believe that contraband was concealed in the defendant’s vehicle. Initially, a confidential informant provided Sergeant Shelton with the information that the defendant would be bringing a large quantity of marijuana into East Baton Rouge Parish. A confidential informant may establish probable cause for a warrantless arrest if his underlying credibility is established. State v. Brooks, supra. This credibility is ascertained by looking to the totality of the circumstances surrounding the tip. Illinois v. Gates, 462 U.S. 213, 103 S.Ct. 2317, 76 L.Ed.2d 527 (1983). In this situation, the C.I. called Sergeant Shelton and identified himself, using both his name and a code number. Sergeant Shelton testified that the C.I. had never provided any bad *887 information, and that he had provided reli-/ able information in the past which led to at least two arrests.
The informant’s tip was corroborated when the law enforcement officers followed the defendant to Bueche, Louisiana, and observed him place a large garbage bag in the rear of his vehicle. Captain Michael Fourrier of the East Baton Rouge Parish Sheriffs Office testified that garbage bags were the usual mode for transporting “domestic grown marijuana”. Furthermore, Captain Fourrier stated that, at some later point in the surveillance, the officers were able to identify one of the occupants of the house in Bueche as a man whom Fourrier had previously arrested in East Baton Rouge Parish on marijuana charges. Therefore, under the totality of the circumstances, the law enforcement officers had probable cause to believe that contraband was concealed in the defendant’s vehicle.
The defendant further argues that, because the C.I. “did not state the basis of his personal knowledge ... the second prong of Aguilar-Spinelli[2] was ... not met and therefore, the officers cannot validate the trustworthiness of their alleged tip.” The defendant is obviously aware of the holding in Illinois v. Gates, supra, which overruled the Aguilar-Spinelli test, because he cites Gates in his brief. However, the defendant argues for the application of the “two-prong test” of the reliability of an informant’s tip, which test the United States Supreme Court has replaced with the totality of the circumstances test. Gates is now the authority for the test, not Aguilar-Spi-nelli.
In State v. Shepherd, 470 So.2d 608 (La.App. 1st Cir.1985), this Court was presented with a similar factual situation. A C.I. informed local police officers that the defendant would leave her home on Scenic Highway and drive to her mother’s home on Washington Avenue in Baton Rouge to pick up some illegal narcotics, which she would then deliver to an address in South Baton Rouge. Police officers quickly set up their surveillance and events took place just as the C.I. had predicted. The defendant, accompanied by two small children, was observed leaving her home on Scenic Highway and she was followed to her mother’s home on Washington Avenue. After approximately ten minutes, the defendant left the house and proceeded to Interstate 10 and then traveled southbound. As stated by the C.I., the defendant took the Washington Street exit. She was stopped shortly thereafter by the police officers. The officers searched her car without her permission, finding the drugs which the C.I. had informed them about.
In Shepherd, this Court stated:
“[Wjhen the future actions of a suspect are accurately predicted by a Cl and corroborated by the police, there is a reasonable basis to believe the Cl’s unverified allegation of drug possession is also true. The accurate prediction of Shepherd’s travel plans herein indicates a ‘fair probability’ that the Cl’s basis of knowledge was either Shepherd herself or someone she trusted. ... We conclude, after considering the totality of the circumstances, that there was probable cause to stop and arrest Shepherd and search her vehicle.” (Footnote omitted). Shepherd, 470 So.2d at 616.
In the instant case, the C.I. predicted that the defendant would be transporting a large quantity of marijuana into East Baton Rouge Parish via the old Mississippi River Bridge. The C.I. accurately described the defendant’s vehicle. While the C.I. did not supply the basis of his personal knowledge to Sergeant Shelton, he had provided reliable information in the past which led to at least two arrests. Furthermore, the surveillance conducted by the law enforcement officers fully corroborated the information supplied by the C.I. Considering the totality of the circumstances, we hold that the officers had probable cause to *888 believe that contraband (marijuana) was concealed within the defendant’s vehicle. Therefore, the search of the defendant’s vehicle and the seizure of marijuana was valid under Ross, supra.
This assignment of error is without merit.
ASSIGNMENTS OF ERROR NUMBERS ONE AND TWO
The defendant contends that the trial court erred in conducting the motion to suppress on two different days. He also contends that the trial court erred in conducting the motion to suppress before one judge and having a second judge render a decision on the motion to suppress.
The record indicates that the first day of the hearing on the motion to suppress was June 22, 1984, a Friday. Judge Donovan Parker was presiding. After Sergeant Shelton had finished testifying, Judge Parker stated: “If y’all are not ready to submit it now, we’re going to lay this matter over. I have someplace I have to be.” At this point, the State indicated that it was ready to submit its case for a ruling; however, the defense requested that Captain Fourrier testify. For this reason, the hearing on the motion to suppress was continued until the following Wednesday. The defendant did not object to the continuance.*
On the second day of the motion to suppress hearing (June 27, 1984), Sergeant Shelton was recalled to the stand. Then, Captain Fourrier and the defendant were called to testify. During argument, the defense complained that Sergeant Shelton should not have been allowed to testify again on the second day of the hearing. The trial court allowed the defendant to submit a memorandum on this point. On Monday, August 20, 1984, Judge Cleveland Marcel heard further argument on the motion to suppress and subsequently denied the motion. The defendant made no objection to the change in trial judges.
As pointed out by the state, the defendant has cited no procedural rules which prevent the continuation of a hearing to another day, or the substitution of a different trial judge during a hearing. Furthermore, the defendant failed to object to these acts during the hearing. The purpose of the contemporaneous objection rule is to allow the trial judge the opportunity to rule on the objection, and thereby prevent or cure an error. State v. Kohler, 434 So.2d 1110, 1121 (La.App. 1st Cir.1983). Even if the continuance of the hearing or the substitution of a trial judge constitutes error, we rule that the defendant’s failure to enter a contemporaneous objection precludes appellate review of such error. La. C.Cr.P. art. 841.
These assignments are without merit.
ASSIGNMENT OF ERROR NUMBER THREE
The defendant contends that the trial court erred in allowing Sergeant Shelton to be recalled by the state to testify on the second day of the hearing on the motion to suppress. On the first day of the hearing, when asked if the informant gave a basis for his knowledge, Sergeant Shelton replied in the negative. However, on the second day of the hearing, Sergeant Shelton testified that the informant indicated that he had personal knowledge that the defendant was going to deliver the marijuana. The defendant argues that, by allowing the state to recall Sergeant Shelton and ask him about the basis of the informant’s personal knowledge, the state was allowed to take an unfair advantage of the continuance of the hearing. In effect, the defendant argues that Sergeant Shelton changed his answer to the same question on cross examination during the first day of the hearing. On the other hand, the State argues that Sergeant Shelton did not understand defense counsel’s question on the first day of the hearing and, therefore, Sergeant Shelton replied in the negative. The State argues that, on the second day of the hearing, when the prosecutor re *889 phrased the same question, Sergeant Shelton replied that the informant did have personal knowledge that the defendant would be transporting marijuana into East Baton Rouge Parish.
The recalling of a witness lies within the sound discretion of the trial court. La.C.Cr.P. art. 765(5); State v. Bias, 337 So.2d 426 (La.1976). Furthermore, the defense was allowed to cross examine Sergeant Shelton after he was recalled on the second day of the hearing. See LSA-R.S. 15:281. We find that the trial court did not abuse its discretion in allowing the state to recall Sergeant Shelton on the second day of the hearing on the motion to suppress. Moreover, in addressing the issue of probable cause in assignment of error number four, we found that, even though the C.I. did not indicate the basis of his personal knowledge, this alone would not prevent a finding of probable cause when examining the C.I.’s tip under the totality of the circumstances.
This assignment of error is without merit.
For the foregoing reasons, the conviction and sentence are affirmed.
CONVICTION AND SENTENCE AFFIRMED.

. In State v. Crosby, 338 So.2d 584 (La.1976), the Louisiana Supreme Court upheld a defendant’s conditional guilty plea reserving his right to appeal an adverse ruling on a motion to suppress.

. Aguilar v. Texas, 378 U.S. 108, 84 S.Ct. 1509, 12 L.Ed.2d 723 (1964); Spinelli v. United States, 393 U.S. 410, 89 S.Ct. 584, 21 L.Ed.2d 637 (1969).

 Technically, it was a recess, not a continuance, of the hearing.