506 So.2d 839 (1987)
STATE of Louisiana
v.
Larry J. HUBBARD.
No. KA 86 1441.
Court of Appeal of Louisiana, First Circuit.
April 14, 1987.
*840 Bryan Bush, Dist. Atty., Office of the Dist. Atty., Baton Rouge by Dennis Weber, Asst. Dist. Atty., for plaintiff/appellee.
Johnny E. Wellons, Baton Rouge, for defendant/appellant.
Before EDWARDS, WATKINS and LeBLANC, JJ.
LeBLANC, Judge.
Defendant, Larry J. Hubbard, was charged by bill of information with possession of cocaine with intent to distribute, a violation of La.R.S. 40:967(A). He pled not guilty and subsequently filed a motion to suppress the evidence. After a hearing, the trial court denied defendant's motion to suppress the cocaine. Thereafter, defendant entered a Crosby[1] plea, reserving his right to appeal the adverse ruling on the motion to suppress. The trial court subsequently sentenced defendant to serve a term of five years at hard labor and to pay a fine of $1,000.00.
Defendant has appealed, urging two assignments of error, as follows:
1. The trial court erred in refusing to grant defendant's Motion to Suppress.
2. The trial court erred in imposing an excessive sentence.
Assignment of error number two was not briefed and, therefore, is considered abandoned. Uniform Rules Courts of Appeal, Rule 2-12.4.

FACTS
On January 6, 1986, Deputy Sheriff Carey Jenkins of the East Baton Rouge Parish Sheriff's Office received information from a confidential informant (C.I.). The C.I. had previously given reliable and trustworthy information to Deputy Jenkins, which led to at least five narcotics-related arrests and convictions. The C.I. told Deputy Jenkins that Larry Hubbard would be going to apartment seven at 266 W. Roosevelt Street to make a delivery of some cocaine he would have in his possession. The C.I. informed the officer that Hubbard, a black male, would arrive at approximately noon, and would be driving a blue Chevrolet Nova. Deputy Jenkins relayed this information over the police radio, and several narcotics agents established a surveillance on the parking lot of the apartment complex.
At approximately 12:30, Deputy Sheriff Michele Fourrier observed a 1969 blue Nova pull into the parking lot of the apartment complex. He notified the other members of the surveillance team and they converged on the vehicle. Deputy Fourrier recognized Larry Hubbard because he had participated in the arrest of Hubbard on several prior occasions. With his weapon drawn, Fourrier asked defendant to get out of the car. When defendant got out of the vehicle unarmed, Fourrier holstered his weapon and advised defendant of his Miranda rights. Deputy Fourrier testified at the suppression hearing that defendant then consented to a search of his person. Fourrier then conducted a search of defendant's pockets which produced a plastic envelope containing a substance which he recognized as cocaine. Fourrier advised defendant that he was under arrest for possession of cocaine and asked if defendant would consent to a search of his car. Defendant allegedly consented to the search, which produced eight additional packets of what appeared to be cocaine, located under the driver's seat of the car. Defendant denied consenting to a search, and testified that he was forced to submit to a search by the drawn pistols of the officers. The total evidence seized consisted of nine small, clear plastic envelopes, each containing approximately a half gram of cocaine. Defendant was subsequently *841 charged with possession of cocaine with intent to distribute.

ASSIGNMENT OF ERROR
In his sole assignment of error briefed, defendant contends that his motion to suppress was improperly denied by the trial court. Defendant specifically argues that, because the C.I. did not state the basis of his personal knowledge, the officers lacked probable cause to stop defendant.
Defendant states in brief that at the preliminary examination on February 13, 1986, Officer Jenkins testified that the C.I. did not state to him how he knew Hubbard had cocaine on his body. The record does not support this contention. Deputy Jenkins testified at the preliminary examination that the C.I. told him Larry Hubbard would have cocaine in his possession and would be delivering it to apartment number seven at 266 W. Roosevelt in a blue Chevrolet Nova. Jenkins then stated that he could not recall the C.I. telling him anything else. When defense counsel specifically asked Jenkins if the C.I. told him how he had knowledge that defendant had cocaine in his possession, the state objected on the ground that the issue was irrelevant as far as the preliminary examination was concerned. The court sustained the state's objection.
At the suppression hearing held on March 10, 1986, Sergeant Jenkins testified that he contacted the C.I. after the preliminary examination and asked him about the basis of his information. The C.I. replied that he had been in apartment seven with defendant earlier on the day of the arrest; and when defendant left the apartment, he said he was going to get the cocaine and come back. The C.I. also told Jenkins that he had given him this information on the day he supplied the tip.
It is well settled that a search conducted without a warrant issued upon probable cause is per se unreasonable, subject only to a few specifically established and well delineated exceptions. Schneckloth v. Bustamonte, 412 U.S. 218, 93 S.Ct. 2041, 36 L.Ed.2d 854 (1973). One of these exceptions is a search incident to a lawful arrest made of a person and the area in his immediate control. Chimel v. California, 395 U.S. 752, 89 S.Ct. 2034, 23 L.Ed.2d 685 (1969). Also, when the occupant of an automobile is arrested, the police, as a contemporaneous incident of that arrest, may search the passenger compartment of the automobile. New York v. Belton, 453 U.S. 454, 101 S.Ct. 2860, 69 L.Ed.2d 768 (1981); State v. Shepherd, 470 So.2d 608 (La.App. 1st Cir.1985). But, in order to justify a search as incident to an arrest, an arrest must have already occurred and the arrest itself must have been lawful. State v. Tomasetti, 381 So.2d 420 (La.1980). An arrest is lawful when it is based on probable cause. State v. Burton, 416 So.2d 73 (La.1982). Finally, the state bears the burden of proving the admissibility of evidence seized during a search without a warrant. La. Code Crim.P. art. 703(D).
In order to ascertain the validity of the seizure of evidence from defendant's person, we must determine when defendant was actually arrested and whether or not the arrest was based on probable cause. State v. Raheem, 464 So.2d 293 (La.1985).
An arrest occurs when the circumstances indicate an intent to effect an extended restraint on the liberty of the accused, rather than at the precise time an officer tells an accused he is under arrest. See La. Code Crim.P. art. 201; State v. Tomasetti, supra. In the instant case, when the officers converged on defendant's vehicle, Deputy Fourrier drew his weapon, ordered defendant out of the car, advised him of his Miranda rights, and conducted a pat-down search of defendant's person, an arrest occurred. The fact that defendant was not verbally advised of his arrest until after Deputy Fourrier searched defendant's pockets does not alter the fact of arrest. See State v. Raheem, supra.
Probable cause to arrest without a warrant exists when the facts and circumstances known to the arresting officer and of which he has reasonably trustworthy information are sufficient to justify a man of ordinary caution in believing that the person to be arrested has committed a crime. Beck v. State of Ohio, 379 U.S. 89, *842 85 S.Ct. 223, 13 L.Ed.2d 142 (1964). Probable cause must be judged by the probabilities and practical considerations of everyday life on which average men, and particularly average police officers, can be expected to act. State v. Tomasetti, supra.
In the instant case, the information on which police relied to establish probable cause came from a confidential informant. The test for ascertaining the credibility of a confidential informant who provides information which supports probable cause for a warrantless arrest is the same as the test used to determine the credibility of information received from a confidential informant which is contained in a search warrant. State v. Edwards, 406 So.2d 1331, 1337 (La.1981). Prior to Illinois v. Gates, 462 U.S. 213, 103 S.Ct. 2317, 76 L.Ed.2d 527 (1983), courts mechanically followed the "two-pronged" test of Aguilar v. Texas, 378 U.S. 108, 84 S.Ct. 1509, 12 L.Ed.2d 723 (1964), and Spinelli v. United States, 393 U.S. 410, 89 S.Ct. 584, 21 L.Ed.2d 637 (1969), to determine whether information from a confidential informant established probable cause. Under this test, it was necessary to show facts relating to the informant's "basis of knowledge" and his "veracity" or "reliability". However, in Gates, the United States Supreme Court abandoned an inflexible application of this test in favor of a "totality of the circumstances analysis". The Court held that, while "basis of knowledge" and "reliability" are relevant considerations, these factors are not absolutely controlling and "a deficiency in one may be compensated for, in determining the overall reliability of a tip, by a strong showing as to the other, or by some other indicia of reliability." Id 103 S.Ct. at 2329.
In Gates, the police received an anonymous letter stating that the defendants were involved in drug trafficking. The letter predicted in specific detail certain conduct, innocent in itself, which would be undertaken by defendants. These predictions were corroborated by police surveillance. A search warrant was thereupon issued on the basis of the anonymous letter and the corroboration of the details it contained. The Supreme Court held that these facts were sufficient to establish probable cause under the totality of the circumstances.
In Draper v. United States, 358 U.S. 307, 79 S.Ct. 329, 3 L.Ed.2d 327 (1959), the Supreme Court upheld a warrantless arrest and search, which was based on information received from a confidential informant. Although the informant had given reliable information in the past, he did not state the basis of his knowledge on this occasion. A decisive factor in the Court's decision to uphold the arrest and search was the fact that the police verified practically every aspect of the information given before making the arrest.
In State v. Shepherd, 470 So.2d 608 (La. App. 1st Cir.1985), a case factually similar to the present one, a confidential informant gave police a tip that defendant would be in possession of illegal drugs at a specified time. The informant, who had given reliable information in the past, did not state the basis of his knowledge of this fact. However, he did predict certain future acts by the defendant, the occurrence of which were corroborated by the police. Although these acts were not illegal in themselves, this court held that the corroboration of these "innocent" acts provided probable cause to believe the informant's allegation of drug possession.
In the instant case, the confidential informant's veracity was well-established by the fact that he had supplied information in the past which had led to several arrests and convictions. Further, the informer predicted future acts by the defendant which occurred and were independently corroborated by the police. The tip indicated that defendant would arrive at 266 W. Roosevelt Street in a blue Chevrolet Nova at approximately noon. As stated, each of these facts was corroborated by police surveillance prior to defendant's arrest. The accurate predictions of defendant's future actions indicated a good possibility that the informant's information was reliable and was obtained either from defendant or someone close to him. Even though the defendant's predicted conduct was not illegal *843 in itself, the corroboration of these details added to the informant's veracity and reliability, creating a reasonable basis to believe the informant's unverified allegation of drug possession was also true. Gates; Draper; Shepard; also see State v. Rigsby, 484 So.2d 884 (La.App. 1st Cir. 1986). Under the totality of the circumstances, we find that there was probable cause for defendant's arrest. Accordingly, the search conducted incidental to this arrest was also valid. The trial court was correct in denying defendant's motion to suppress.[2]
AFFIRMED.
NOTES
[1] In State v. Crosby, 338 So.2d 584 (La.1976), the Louisiana Supreme Court upheld a defendant's conditional guilty plea reserving his right to appeal an adverse ruling on a motion to suppress.
[2] The present case is distinguishable from State v. Raheem, 464 So.2d 293 (La.1985) and State v. Ruffin, 448 So.2d 1274 (La.1984), two cases involving warrantless arrests based on information received from confidential informants who failed to disclose the basis of their knowledge. In both of these cases, the court found there was no probable cause justifying the warrantless arrests. In Raheem and Ruffin there was insufficient corroboration of the informant's tip to establish probable cause. In the present case, however, the independent corroboration of the informant's tip by the police was sufficient to establish probable cause that defendant was in possession of illegal drugs.