WRIT DENIED
In this writ application, relator, Javonte Battie, challenges the trial court's ruling that denied the suppression of the contents of his cell phone. For the reasons that follow, we find no error in the trial court's decision and, accordingly, deny this writ application.
During the course of a narcotics investigation, detectives arrested relator and co-defendant, Melvin Zamora, on November 13, 2012. Pursuant to those arrests, officers seized their cell phones and immediately inspected the contents of the phones. Thereafter, on August 29, 2013, the Jefferson Parish District Attorney filed a bill of information charging defendant with distribution of cocaine, in violation of La. R.S. 40:967(A) (count one), and possession of cocaine, in violation of La. R.S. 40:967(C) (count two). Relator pled not guilty and moved to suppress the information obtained from his cell phone on the basis that the officers were required to obtain a search warrant before inspecting the cell phone pursuant to Riley v. California , --- U.S. ----, 134 S.Ct. 2473, 189 L.Ed.2d 430 (2014).
After conducting a suppression hearing, the trial court found that the officers validly seized the cell phones incident to the arrests. However, relying on the recent United States Supreme Court case of Riley v. California, supra, which held that a search warrant was required to search the cell phones, the trial court suppressed any information discovered on the cell phones.
The State thereafter filed a motion to reconsider the trial court's ruling that the officers were required to obtain a search warrant before inspecting the cell phones' contents. On August 13, 2015, the trial court granted the State's motion, thereby reversing its original ruling that granted relator's motion to suppress the contents of the cell phones. Relator now contends that the trial court erred in denying his motion to suppress the contents obtained from his cell phone.
The Fourth Amendment to the United States Constitution and Article I, § 5 of the Louisiana Constitution prohibit unreasonable searches and seizures. If evidence is derived from an unreasonable search and seizure, the proper remedy is exclusion of the evidence from the defendant's trial. A search conducted without a warrant issued upon probable cause is per se unreasonable, unless justified by a specific exception to the warrant requirement. State v. Honeycutt, 08-126 (La. App. 5 Cir. 5/27/08), 987 So.2d 250, 254. A search incident to an arrest is an exception to the warrant requirement. This exception holds that once a lawful arrest has been made, a warrantless search of the arrestee's person and of the area within his immediate control is permissible in order to remove any *1086 weapons from his person and to prevent evidence from being destroyed. State v. Cole, 13-540 (La. App. 5 Cir. 12/12/13), 131 So.3d 931. In Riley, supra, the United States Supreme Court held that the search incident to arrest exception to the warrant requirement does not extend to a search of data on a lawfully seized cell phone.
In its ruling denying relator's motion to suppress, the trial court acknowledged that an application of Riley to the present case would warrant suppression of the contents of the cell phone. However, the trial court thereafter employed the rationale set forth in Davis v. United States, 564 U.S. 229, 131 S.Ct. 2419, 180 L.Ed.2d 285 (2011), and found that suppression of the evidence was not warranted. The trial court noted that the police were acting in accordance with persuasive authority in effect at the time of the seizure, United States v. Finley, 477 F.3d 250 (5th Cir. 2007), cert. den., 549 U.S. 1353, 127 S.Ct. 2065, 167 L.Ed.2d 790 (2007) (which held that the officer may search a cell phone's contents incident to a lawful arrest), and further noted that the suppression of the evidence would not further the purpose of the exclusionary rule. We agree with the trial court's determinations.
We first note that a review of Louisiana jurisprudence suggests that at the time of the present search and seizure of relator's cell phone, the officers were justified in their actions. In State v. Tomasetti, 381 So.2d 420 (La. 1980), the Louisiana Supreme Court held that the seizure of a package from the defendant and its subsequent search were permissible as incident to his arrest. The Court noted that the package was within the defendant's immediate possession and control at the time of his arrest. Likewise, in State v. Clift, 339 So.2d 755 (La. 1976), the Court upheld the search of the defendant's wallet following his lawful arrest for possession of marijuana.
In addition to Louisiana cases that suggest that the officers were acting in accordance with established Louisiana jurisprudence at the time of the search and seizure in the instant case, we further find support for the denial of the suppression of the evidence in persuasive authority from a federal appellate court. In United States v. Finley, supra, the United States Fifth Circuit Court of Appeal upheld the search of a cell phone found on the defendant at the time of his arrest. In that case, the defendant was arrested at the scene of a traffic stop, and the officers searched his person and seized a cell phone in his pocket. During questioning, one officer searched through the defendant's call records and text messages, and several of the messages corresponded to drug use and trafficking. The defendant challenged the search on appeal. The court relied on previous jurisprudence holding that a "full search" may be performed under a search incident to arrest, and a permissible scope of the search under that exception extends to containers found on the person. The court accordingly found that the search of the cell phone was lawful as it was conducted pursuant to a valid custodial arrest.
Moreover, even applying Riley retroactively to this case, the suppression of the evidence would still not be warranted. In accordance with the views expressed by the trial court, we find that the rationale employed in Davis v. United States, supra, is applicable to the instant situation and allows for the admission of the challenged evidence. In Davis, the United States Supreme Court held that evidence obtained during a search conducted in objectively reasonable reliance on binding appellate precedent, which is later overruled, is not subject to the exclusionary rule.[1] In *1087 so holding, the United States Supreme Court stressed that the sole purpose of the exclusionary rule is to deter future Fourth Amendment violations and that for exclusion of the evidence to be appropriate, the deterrence benefits must outweigh the heavy costs associated with the exclusion of the evidence. The Supreme Court explained that when the police exhibit deliberate, reckless, or grossly negligent disregard for Fourth Amendment rights, the deterrent value of exclusion is strong and tends to outweigh the resulting costs. However, when the police act with an objectively reasonable good faith belief that their conduct is lawful, the deterrence rationale is not as strong, and exclusion of the evidence is not appropriate.
As noted by the trial court, in his very thorough analysis under Davis v. United States, supra, suppressing the contents of the cell phone under Riley in the instant case would not further the purpose of the exclusionary rule. The trial court basically found that the exclusion of the evidence would have no deterrent effect on future law enforcement activity, and therefore, the societal cost of exclusion would clearly outweigh any deterrent benefit. Further, as noted by the trial court, the conduct of the officer was "innocent police conduct ... and not the type of reckless grossly negligent violation of the Defendant's 4th Amendment Rights, which is sought to be punished by the exclusion of the evidence in this matter."
We have also considered relator's assertion that the trial court should have relied on State v. Bone, 12-34 (La. App. 5 Cir. 9/11/12), 107 So.3d 49, writ denied, 12-2229 (La. 4/1/13), 110 So.3d 574, rather than United State v. Finley, supra, in making its ruling on the suppression of the contents of his cell phone. However, as noted by the trial court, the Bone case is distinguishable because the text messages in that case were obtained through a subpoena duces tecum without a probable cause showing.
Accordingly, for the reasons set forth herein, we find that the trial court did not abuse its discretion in denying relator's motion to suppress the evidence seized from his cell phone. This writ application is denied.

Relator argues that the Davis case is not applicable to the instant case because there is no binding precedent to support the warrantless search of his cell phone. However, we find no reason that the rationale employed in Davis cannot be applied to persuasive authority. See United States v. Rose , 914 F.Supp.2d 15 (D. Mass. 2012).