395 So.2d 805 (1981)
STATE of Louisiana
v.
Donald Ray BELL.
No. 80-K-2151.
Supreme Court of Louisiana.
March 2, 1981.
Rehearing Denied April 6, 1981.
*806 Alton T. Moran, Public Defender, M. Michele Fournet, Asst. Public Defender, for defendant-relator.
William J. Guste, Jr., Atty. Gen., Barbara Rutledge, Asst. Atty. Gen., Ossie B. Brown, Dist. Atty., Kay Kirkpatrick, Asst. Dist. Atty., for plaintiff-respondent.
CHIASSON, Justice Ad Hoc.[*]
On application of defendant, Donald Ray Bell, we granted a writ of certiorari to review the decision of the trial court overruling his motions to suppress the physical evidence and the confession obtained from him. Finding no merit in his contentions, we affirm the judgment of the trial court.
In the early morning hours of Tuesday, November 13, 1979, Ted Belton left his home in East Baton Rouge Parish for his job in Morgan City. He returned from Morgan City on the following Saturday, the 17th of November. Upon arriving home, he noticed that the back door to his home had been broken open; two watches and a large amount of change were missing. He called the police and reported the incident. Officer James E. Moore of the East Baton Rouge Parish Sheriff's Office was dispatched to the scene to investigate. Upon arrival, Moore spoke to Belton and Belton's neighbor. While so engaged, defendant Donald Ray Bell and another youth walked by. Belton's neighbor stated that Bell had been sitting on Belton's step while he was gone. In addition, she pointed out the wrist watch that Bell was wearing, stating that he never wore a watch before.
Upon hearing this information, Officer Moore instructed fellow officer Richard Farrell to locate and return the pair to the scene. Farrell found the pair at Mae's Cafe, a local establishment. Although not formally placing them under arrest, Farrell noticed a watch on Bell's arm and transported the two back to Belton's residence.
Belton identified the watch on Bell's arm as being his own. He recognized the make (Timex), the band, and the rattle it made when it was shaken. At this point, Officer Moore placed the defendant under formal *807 arrest. The wrist watch was taken from the defendant as evidence. The pair was transported to the sheriff's substation where Bell made a statement confessing to the break-in and theft.
The defendant was subsequently charged, presumably with simple burglary and theft, violations of La.R.S. 14:62 and 14:67. Defendant filed and argued motions to suppress the watch and the statement but both motions were denied by the trial court. The matter is now before this Court on a writ taken by defendant seeking review of these rulings.
Bell complains in two assignments that the trial court erred in denying the motions to suppress the evidence and the confession. Defendant argues that the watch was seized incident to an arrest for which there was no probable cause and that the confession was obtained by exploitation of that initial illegality.
"Arrest" is defined by La.C.Cr.P. art. 201 as follows:
"Arrest is the taking of one person into custody of another. To constitute arrest there must be an actual restraint of the person. The restraint may be imposed by force or may result from the submission of the person arrested to the custody of the one arresting him."
Furthermore, "(i)t is the circumstances indicating an intent to effect an extended restraint on the liberty of an accused, rather than the precise timing of an officer's statement: `You are under arrest,' that are determinative of when an arrest is actually made." State v. Tomasetti, 381 So.2d 420, pg. 423 (La.1980).
A warrantless arrest must be based on probable cause. State v. Thomas, 349 So.2d 270 (La.1977).
In State v. Collins, 378 So.2d 928, pg. 930 (La.1979), this Court sets out the applicable standard for testing probable cause to arrest as follows:
"Probable cause to arrest exists when facts and circumstances within the arresting officer's knowledge and of which he has reasonable and trustworthy information are sufficient to justify a man of average caution in the belief that the person to be arrested has committed or is committing an offense. State v. Wilkens, 364 So.2d 934 (La.1978); State v. Johnson, 363 So.2d 684 (La.1978); State v. Marks, 337 So.2d 1177 (La.1976). Although mere suspicion cannot justify an arrest, State v. Thomas, 349 So.2d 270 (La.1977), the officer does not need sufficient proof to convict. State v. Randolph, 337 So.2d 498 (La.1976).
"One of the most important elements in determining whether probable cause existed is satisfied when the police know a crime has actually been committed. When a crime has been committed and the police know it, they only have to determine whether there is reasonably trustworthy information to justify a man of ordinary caution in believing the person to be arrested has committed the crime. In many cases the police do not know that a crime has been committed. When the arrest or search is made when the police do not know that a crime has been committed, more and better evidence is needed to prove that probable cause exists for the arrest than is the case when the police know a crime has been committed. State v. Johnson, supra." (See also State v. Mosley, 390 So.2d 1302 (La.1980), No. 67,562).
In the present case, the state and defendant disagree about the timing of the instant arrest. The state claims that the defendant was arrested after Belton recognized the watch on defendant's wrist as his own. Certainly an arrest at that point was supported by probable cause; defendant was observed wearing a watch identified by the victim as stolen in a recent burglary. Were the watch seized pursuant to that arrest, it would clearly be admissible at trial.
Defendant contends, on the other hand, that he was placed under arrest by Officer Farrell at Mae's Cafe. It is fairly clear that Farrell did not have probable cause to arrest the defendant at that time. He knew only that Officer Moore was investigating a burglary and theft and that he wanted to *808 talk with these two fellows. It must be determined whether Officer Farrell's action at the cafe amounted to an arrest.
Officer Farrell testified that he found the defendant and his companion sitting at a table in Mae's Cafe. He approached them and requested that they return with him to the scene of the offense. The pair were uncooperative and did not want to go. Farrell explained that all that he wanted to do was to bring them back to the scene to talk with Officer Moore and the complainant. The two then changed their minds and agreed to go along.
Defendant's testimony reveals a different version. Bell testified that as he and his friend sat in Mae's, a uniformed officer entered and stated that he wanted the two to come outside. He contends the officer ordered them up against the wall and examined the watch on Bell's wrist. He ordered them into the car. Bell indicates that he did not feel free to leave the officer's company.
The trial court must have concluded that there was not an arrest at this point and that the two companions voluntarily went with the officer. The trial court's conclusion is not unsupported by the record and we therefore affirm his determination that there was no arrest at the cafe.
It was not until the victim, Mr. Belton, identified the watch on Bell's wrist at his house that the two, including the defendant, were placed under arrest. The officer took the watch as evidence following the arrest. We find that the seizure of this watch was pursuant to a lawful arrest and therefore is admissible as evidence. Chimel v. California, 395 U.S. 752, 89 S.Ct. 2034, 23 L.Ed.2d 685 (1969).
After the arrest, the defendant was taken to the sheriff's substation where Officers Moore, Doty and Johnson were involved in or witnessed the interview whereby the defendant confessed to the offense. All three officers testified that the defendant was advised of his rights and that he was not coerced into making the statement.
Bell contends that he was beaten and thrown against a wall and ordered to tell the officers what he did. He further claims that due to his illiteracy, he was unable to read the statement which bears his signature. He also claims that he had requested a lawyer at the substation, but one was not provided nor did the officers halt their interrogation.
Before what purports to be a confession can be introduced in evidence, it must be shown that it was free and voluntary, and not made under the influence of fear, duress, or intimidation. La.R.S. 15:451. In accordance with Wong Sun v. United States, 371 U.S. 471, 83 S.Ct. 407, 9 L.Ed.2d 441 (1963), a confession obtained as a direct result of an arrest without probable cause should be suppressed. State v. Edwards, 375 So.2d 1365 (La.1979); State v. Giovanni, 375 So.2d 1360 (La.1979); State v. Scott, 355 So.2d 231 (La.1977).
The trial court obviously disbelieved the version presented by the defendant and found credible the testimony of Officers Farrell, Moore, Doty and Johnson. When there is conflicting testimony as to a factual matter such as this, the question of credibility of the witnesses is within the sound discretion of the trier of facts. His factual determinations are entitled to great weight and will not be disturbed unless clearly contrary to the evidence. State v. Hudson, 361 So.2d 858 (La.1978); State v. Cobbs, 350 So.2d 168 (La.1977). Here the trial court found the testimony of the police officers credible on both issues; the defendant willingly accompanied Officer Farrell to the scene of the offense where he was arrested only after the victim identified his watch on the defendant's wrist, and only then was the watch seized; the defendant voluntarily confessed after an intelligent waiver of his rights.
As the trial court's findings are not clearly unsupported by the evidence, we affirm its holdings.
The assignments are without merit.
AFFIRMED.
NOTES
[*] Judges Covington, Chiasson and Lear of the Court of Appeal, First Circuit, participated in this decision as Associate Justices Ad Hoc, joined by Associate Justices Calogero, Marcus, Dennis and Blanche.