LABORDE, Judge.
Defendant, Barry DeBlieux, was charged on April 2, 1986, with distribution of cocaine, a violation of LSA-R.S. 40:967 A(l) and possession of cocaine with intent to distribute, a violation of LSA-R.S. 40:967 A(l). On August 8, 1986, after the trial court denied the defendant’s motion to suppress his confession and evidence, defendant pleaded guilty to both counts, but reserved his right to appeal the ruling of the court on the motion to suppress. He was sentenced to five (5) years on each count. He now appeals the trial court’s ruling on his motion to suppress.
ASSIGNMENT OF ERROR NO. 1[1]
Defendant claims that the trial court erred in denying his motion to suppress any and all tangible evidence. The defendant claims that since his warrantless arrest was not based on probable cause, the evidence and statements obtained subsequent to the arrest should not have been admissible.
The facts from which this arrest arose involve an undercover investigation into cocaine transactions in the Natchitoches area. On April 2, 1986, Merrill Pierce was arrested at the Holiday Inn in Natchitoches after he sold cocaine to undercover agents. At the hearing on the motion to suppress, Trooper Wagnor testified that on the day of the above-mentioned undercover operation, as part of the surveillance group, he was stationed at a gas station next to the motel and noticed defendant, Barry De-Blieux, drive up to the gas station in a gray pickup truck. The officer stated that he was concerned that defendant would recog *1165 nize him as the officer who had recently interviewed defendant during an investigation of a drug-related murder. He noticed that defendant appeared to be extremely interested in the activities occurring in the motel parking lot.
The officer had notified Sergeant Slaughter, his supervisor, of defendant’s activities and the officer was instructed to maintain surveillance on him. He followed defendant to a pay phone, stopped him, and asked him for identification. Wagnor testified that he stopped defendant only for the purpose of confirming his identity. The officer did not detain defendant, but continued to follow him. Sergeant Slaughter then instructed the trooper to stop defendant again. The officer stopped defendant at a truck stop and told him that his supervisor wished to talk to him. A few minutes later Sergeant Slaughter arrived, advised defendant of his rights, and arrested him for distribution of cocaine. A search of defendant and his vehicle resulted in the discovery of two packages of cocaine.
Sergeant Slaughter testified that he instructed Trooper Wagnor to watch defendant. The officer also noted that defendant’s name had been mentioned as a “possible or probable cocaine trafficker in the Natchitoches area.” Sergeant Slaughter further testified that he instructed Trooper Wagnor to detain defendant at the truck-stop only after Merrill Pierce made a statement that defendant had obtained cocaine for him.
Defendant claims that the search of his person and vehicle was subsequent to an invalid arrest and that, therefore, the evidence seized as a result of the search should have been suppressed. He argues that the state did not bear the burden of showing that probable cause existed for the arrest.
Probable cause for a warrantless arrest was discussed in State v. Shepherd, 470 So.2d 608, 611-612 (La.App. 1st Cir.1985):
“A peace officer may lawfully arrest a person without a warrant when he has reasonable (probable) cause to believe that the person to be arrested has committed an offense. La.C.Cr.P. art. 213. Probable cause to arrest exists when facts and circumstances within the arresting officer’s knowledge and of which he has reasonable and trustworthy information are sufficient to justify a man of average caution in the belief that the person to be arrested has committed or is committing an offense. Although mere suspicion cannot justify an arrest, the officer does not need sufficient proof to convict. State v. Bell, 395 So.2d 805 (La.1981). Probable cause must be judged by the probabilities and practical considerations of everyday life on which average men, and particularly average police officers, can be expected to act. Whether probable cause existed at the time of the arrest must be determined without regard to the result of the subsequent search. State v. Buckley, 426 So.2d 103 (La.1983).”
Defendant contends that the state improperly based the probable cause for the arrest on the statements by Merrill Pierce. Defendant claims that the arrest could not have been based on Pierce’s statement, as his written statement was obtained at 2:00 p.m. whereas the arrest of the defendant transpired between 12:00 and 12:30. The record shows that Merrill Pierce’s oral statement was obtained by the police before defendant was arrested.
The record indicates that there was probable cause to arrest the defendant without a warrant. His suspicious behavior at the gas station, his reputation, and Pierce’s incriminating comment would be sufficient to justify a man of average caution in the belief that the defendant committed a crime. It does not appear that the officers acted only on the basis of “mere suspicion.” The evidence seized subsequent to this valid arrest was, thus, properly admitted. The trial court did not err in denying the defendant’s motion to suppress. This assignment of error lacks merit.
ASSIGNMENT OF ERROR NO. 2
Defendant argues that the trial court erred in denying defendant’s motion to suppress written confessions and other *1166 written inculpatory statements. Defendant contends that the confessions and other inculpatory statements were not freely or voluntarily made.
After his arrest, defendant was taken to the city police station where he was questioned by Trooper Benjamin. As a result of the questioning, defendant signed a written statement.
The state must prove beyond a reasonable doubt that a confession or inculpatory statement is free and voluntary. State v. Jackson, 414 So.2d 310, 312 (La.1982). Defendant contends that the state failed to meet its burden of proof as the record reveals that defendant’s statements were obtained through inducements, promises, and threats.
At the hearing on the motion to suppress, Trooper Benjamin testified that he interrogated defendant after his arrest. He stated that he informed defendant of his right to remain silent, explained his other Miranda rights, and did not use force, promises or intimidation to obtain a statement. During cross-examination the trooper denied telling defendant that he would face a large sentence if he did not cooperate and testified that he only told defendant he was in “serious trouble.” He also testified that he told defendant that his cooperation would be made known to the district attorney and would “come out in the course of the trial.”
Defendant argues that the Trooper Benjamin’s testimony contained inconsistencies; thus, that his assertion that defendant’s confession was voluntary is unbelievable. Defendant notes that at the hearing the trooper stated that he had not mentioned a long sentence to the defendant, but that the officer also said, “I don’t believe I mentioned the length of the sentence at all.” This is hardly an impeachment. Defendant claims that the alleged mention of the possible sentence by the trooper induced him to make the statements. Defendant testified that before he made a statement, Trooper Benjamin told him he would be sentenced to ten (10) years in prison if he did not cooperate and would obtain probation if he did cooperate. After the above evidence was presented and the witnesses’ credibility was evaluated, the trial judge found that the statements had been voluntarily made.
If conflicting testimony, such as the above, is presented, the question of the credibility of the witnesses is within the sound discretion of the trier of fact. His determinations of credibility are entitled to great weight and will not be disturbed unless clearly contrary to the evidence. State v. Klar, 400 So.2d 610, 613 (La.1981). In the case at hand, the trial judge’s determination that the police officer’s testimony was credible and that defendant’s statements were voluntarily made is not contrary to the evidence. The trial judge, thus, did not abuse his discretion. This assignment of error lacks merit.
For the above and foregoing reasons, the conviction and sentences of the defendant are affirmed.
AFFIRMED.

. We have renumbered defendant's assignments for clarity.