524 So.2d 1363 (1988)
STATE of Louisiana
v.
John PORTERFIELD.
No. KA 87 0852.
Court of Appeal of Louisiana, First Circuit.
April 19, 1988.
*1365 Bryan Bush, Dist. Atty. by Richard Johnson, Asst. Dist. Atty., Baton Rouge, for plaintiff/appellee.
Richard Brazau, Jr., Baton Rouge, for defendant/appellant.
Before SHORTESS, LANIER and CRAIN, JJ.
LANIER, Judge.
The defendant, John Porterfield, was charged by a bill of information with possession of 28 grams or more of cocaine, a violation of La.R.S. 40:967(F). Defendant pled not guilty and filed a motion to suppress. Following extensive hearings, the motion to suppress was denied. Defendant pled guilty to possession of cocaine with intent to distribute, a violation of La.R.S. 40:967(A)(1), expressly reserving his right to appeal the adverse ruling on the motion to suppress. State v. Crosby, 338 So.2d 584 (La.1976). The trial court, pursuant to La.C.Cr.P. art. 893, deferred imposition of sentence and placed the defendant on supervised probation for a period of two years under the general terms and conditions of probation set forth in La.C.Cr.P. art. 895 and the following special terms and conditions: (1) pay $15 per month to defray the cost of probation; (2) be evaluated and treated (if necessary) at a substance abuse clinic; (3) submit to periodic drug screening at his own expense; (4) perform fifty hours of community service; and (5) participate in Lawyers for Louisiana.

FACTS
Approximately six to eight weeks prior to defendant's arrest, a confidential informant began relaying information to Lieutenant Bud Connor of the East Baton Rouge Parish Sheriff's Office. Lieutenant Connor testified that this informant's information spearheaded approximately a dozen investigations including, to the best of his knowledge, one arrest. The information included specific names, addresses, and locations of various drug traffickers personally known to the informant. All of the information was later corroborated through independent investigation. In addition, Lieutenant Connor testified that a second informant, who was also familiar with defendant and his drug trafficking, gave Connor information about defendant which specifically corroborated that which was given to him by the first informant.
On April 22, 1985, the first informant told Lieutenant Connor that Porterfield was en route to Crowley to pick up an ounce or more of cocaine, which was to be later delivered to a Pat Gremillion. The informant had personal knowledge of these facts. The informant also provided Lieutenant Connor with a description of defendant's clothing, his automobile and his route of departure from Baton Rouge. Based on this tip, defendant was followed by several agents in unmarked cars and was observed driving his black BMW automobile to a truck stop located at mile marker number 80 on Interstate 10 near the Crowley exit. Defendant met an individual, later identified as Chris Phillips, in the parking lot of a truck stop. After making several nervous glances around the parking lot, Phillips got into defendant's car. At that point, the two men made what was characterized by Lieutenant Connor as a "heat check." Defendant drove his car to the next exit, made a U-turn, and then returned to the parking lot. Lieutenant Connor testified that such a brief detour or excursion is commonly used by drug traffickers to try and lure police surveillance personnel so that they can be more easily detected. When they returned to the truck stop, defendant backed his car next to Phillips' car and both sat there a short while. Phillips then exited defendant's car and went to the trunk of his car where he pulled out a brown paper bag that was later shown to contain an ounce of cocaine. Phillips then handed the paper bag to defendant. After taking the *1366 bag from Phillips, defendant got back on the interstate and headed east at a high rate of speed (in excess of 100 miles per hour) toward Baton Rouge. On the return trip, defendant stopped at a rest stop and was observed by one officer performing acts which were consistent with "snorting" cocaine. Shortly after defendant crossed the Mississippi River Bridge, he was stopped by members of the surveillance team. Lieutenant Connor radioed the two lead cars, driven by Deputies Jenkins and Butler, and ordered them to pull over defendant's vehicle at the first opportunity. Moments after the initial stop, Lieutenant Connor arrived at the scene and identified himself as a law enforcement officer. In the course of advising defendant of his Miranda rights, Lieutenant Connor informed defendant that he was under investigation for narcotics trafficking. Thereafter, defendant signed a waiver of search form. The officer conducting the search found approximately one-half gram of substance believed to be cocaine located within a cassette tape case in an elasticized pouch area on the driver's side door. At that point, defendant was placed formally under arrest for possession of cocaine. Lieutenant Connor then found a brown paper bag inside a magazine compartment located at the rear of the front passenger seat. This paper bag contained an ounce of a substance later determined to be cocaine. Following seizure of the cocaine, defendant was transported to the sheriff's office. After having been again advised of his Miranda rights, defendant gave a taped statement detailing his role in this drug trafficking scheme.

MOTION TO SUPPRESS

(Assignment of Error 1)
Defendant contends that the trial court erred by failing to grant his motion to suppress. Defendant asserts he was being illegally detained when he consented to the instant search and his consent was tainted by that illegality.
The state bears the burden of proving the admissibility of evidence seized during a search without a warrant. La.C. Cr.P. art. 703(D). A search conducted without a warrant is per se unreasonable under the fourth amendment, subject only to a few specifically established and well-delineated exceptions. Schneckloth v. Bustamonte, 412 U.S. 218, 93 S.Ct. 2041, 36 L.Ed.2d 854 (1973); Coolidge v. New Hampshire, 403 U.S. 443, 91 S.Ct. 2022, 29 L.Ed.2d 564 (1971). One of these is the "automobile" exception which is based upon the existence of probable cause to search the vehicle and exigent circumstances which render it impractical to secure a warrant. United States v. Ross, 456 U.S. 798, 102 S.Ct. 2157, 72 L.Ed.2d 572 (1982); Chambers v. Maroney, 399 U.S. 42, 90 S.Ct. 1975, 26 L.Ed.2d 419 (1970). A second exception to the rule is that a search may be conducted without a warrant when it is an incident to a lawful arrest. Chimel v. California, 395 U.S. 752, 89 S.Ct. 2034, 23 L.Ed.2d 685 (1969). When the occupant of an automobile is arrested, the police, as a contemporaneous incident of that arrest, may search the passenger compartment of the automobile. New York v. Belton, 453 U.S. 454, 101 S.Ct. 2860, 69 L.Ed.2d 768 (1981); State v. Singletary, 442 So.2d 707 (La.App. 1st Cir.1983).
An arrest is defined in La.C.Cr.P. art. 201 as follows:
Arrest is the taking of one person into custody by another. To constitute arrest there must be an actual restraint of the person. The restraint may be imposed by force or may result from the submission of the person arrested to the custody of the one arresting him.
An arrest occurs when circumstances indicate an intent to effect an extended restraint on the liberty of an accused, rather than at the precise time an officer tells an accused he is under arrest. State v. Commodore, 418 So.2d 1330 (La.1982); State v. Wichers, 392 So.2d 419 (La.1980).
A peace officer may lawfully arrest a person without a warrant when he has reasonable (probable) cause to believe that the person to be arrested has committed an offense. La.C.Cr.P. art. 213. Probable cause to arrest exists when facts and circumstances within the arresting officer's *1367 knowledge and of which he has reasonable and trustworthy information are sufficient to justify a man of average caution in the belief that the person to be arrested has committed or is committing an offense. Although mere suspicion cannot justify an arrest, the officer does not need sufficient proof to convict. State v. Bell, 395 So.2d 805 (La.1981). Probable cause must be judged by the probabilities and practical considerations of everyday life on which average men, and particularly average police officers, can be expected to act. Whether probable cause existed at the time of the arrest must be determined without regard to the result of the subsequent search. State v. Buckley, 426 So.2d 103 (La.1983).
Probable cause can be based on knowledge supplied to an officer by another person, even if the identity of the informant is kept confidential. State v. Burton, 416 So.2d 73 (La.1982). The test used to ascertain the credibility of a confidential informant who provides facts to support probable cause to make a warrantless arrest is the same as that used to determine the credibility of information derived from a confidential informant which is contained in a search warrant. State v. Edwards, 406 So.2d 1331 (La.1981).
Probable cause to search exists when the facts and circumstances are sufficient to support a reasonable belief that an offense has been committed and that evidence or contraband may be found at the place to be searched. State v. Huffman, 419 So.2d 458 (La.1982); State v. Williams, 432 So.2d 1003 (La.App. 1st Cir.), writ denied, 435 So.2d 439 (La.1983). To determine whether the information furnished by a confidential informant provides probable cause for an arrest or a search, a court must utilize a "totality of the circumstances analysis" and consider, among other things, the informant's veracity, facts relating to the informant's basis of knowledge and corroboration of the informant's information. Illinois v. Gates, 462 U.S. 213, 103 S.Ct. 2317, 76 L.Ed.2d 527 (1983); State v. Raheem, 464 So.2d 293 (La.1985).
The confidential informant called Lieutenant Connor and identified himself. The informant's tip was based on personal contact with the defendant. Lieutenant Connor testified that the confidential informant had never provided any bad information and that he had provided reliable information in the past.
The informant herein predicted future acts by Porterfield; almost all of these acts occurred as predicted and were corroborated by police surveillance. When the future actions of a suspect are accurately predicted by a confidential informant and corroborated by the police, there is a reasonable basis to believe the informant's unverified allegation of drug possession is also true. The corroboration of the "innocent" behavior provides probable cause to believe the allegation of drug possession in the informant's tip is reliable. (If the police officers actually saw the drugs in the suspect's possession, they would have direct evidence of the commission of a crime upon which to base probable cause, and the information provided by the informant would be irrelevant.)
After considering the totality of the circumstances, including the evidence of the informant's veracity, the informant's personal knowledge as the basis of his information and the extensive corroboration of the informant's information, we conclude that the trial court was correct in finding that probable cause existed to stop and arrest Porterfield and search his vehicle. See, for example, Illinois v. Gates; Draper v. United States, 358 U.S. 307, 79 S.Ct. 329, 3 L.Ed.2d 327 (1959); State v. Rigsby, 484 So.2d 884 (La.App. 1st Cir.1986); State v. Shepherd, 470 So.2d 608 (La.App. 1st Cir.1985).
Defendant contends that the trial court erred by crediting the testimony of Lieutenant Connor and other law enforcement officers. He reasons that the alleged tip was certainly fabricated for he would never have divulged his itinerary to an individual who might have served as an informant. The trial court, however, accepted Lieutenant Connor's version of the facts, rather than defendant's. We must *1368 give great weight to the trial court's findings of fact. State v. Keller, 403 So.2d 693 (La.1981). We find no error in the trial court's credibility determination.
This assignment of error is without merit.

IMPEACHMENT OF INFORMANT

(Assignment of Error 2)
Defendant contends that the trial court erred by refusing to allow defendant to introduce evidence documenting the drug use and the erratic behavior of Kathy St. Clair.
Although defendant believes that Kathy St. Clair was the confidential informant, such identity was never established of record. Thus, her particular drug-related problems had no bearing on the reliability of the instant tip.
While Kathy St. Clair's background was not a relevant issue, the background of the Porterfield informant was. The trial court did allow extensive cross-examination of Lieutenant Connor and Officer Steve Dorner with respect to their knowledge of the informant's behavior and drug use.
This assignment of error is without merit.

PATENT ERROR
The bill of information in the record before us charges the defendant with possession of over 28 grams of cocaine, in violation of La.R.S. 40:967(F). This bill of information has not been amended in writing. The transcript of the defendant's Boykin examination on January 27, 1987, indicates that at that time he was charged with possession of cocaine with intent to distribute, in violation of La.R.S. 40:967(A). The court minutes for January 27, 1987 (which are contained in the minute entry for March 27, 1987), indicate that "the bill of information was amended to POSSESSION WITH INTENT TO DISTRIBUTE COCAINE."
In a criminal case, an accused must be informed of the nature and cause of the accusation against him. La. Const. of 1974, art. I, § 13. When a person is charged with a felony, the prosecution against him must be initiated by a grand jury indictment or a bill of information. La. Const. of 1974, art. I, § 15; La.C.Cr.P. art. 382. Possession of 28 grams or more of cocaine (La.R.S. 40:967[F]) and possession of cocaine with intent to distribute (La.R.S. 40:967[A][1] and [B][3]) are felonies. La.C.Cr.P. art. 933(3). A bill of information is a written accusation of crime made by the state. La.C.Cr.P. arts. 384, 461 and 464. There can be no oral bill of information. State v. Buttner, 411 So.2d 35 (La.1982); State v. Riggins, 508 So.2d 918 (La.App. 4th Cir.1987; State v. Vidrine, 476 So.2d 537 (La.App. 1st Cir.1985).
Pursuant to La.C.Cr.P. art. 558, a defendant, with the consent of the state, may plead guilty to a lessor offense that is included in the offense charged in a bill of information. When this is done, it is unnecessary to amend the bill of information or file a new bill of information. State v. Hebert, 506 So.2d 863 (La.App. 1st Cir. 1987); State v. Hardan, 501 So.2d 848 (La. App. 5th Cir.1987). Pursuant to La.C.Cr.P. art. 487, a defendant, with the consent of the state, may plead guilty to a crime which is not responsive to the original bill of information. When this is done, the state must either amend the bill of information or file a new bill of information. State v. Cook, 372 So.2d 1202 (La.1979); State v. Johnson, 499 So.2d 244 (La.App. 2nd Cir. 1986); State v. Price, 461 So.2d 503 (La. App. 3rd Cir.1984). If the state elects to amend a bill of information to state an unresponsive charge, the amendment must be in writing. State v. Breaux, 504 So.2d 1011 (La.App. 1st Cir.1987).
La.C.Cr.P. art. 814 does not provide for any responsive verdicts for possession of specified quantities of a controlled dangerous substance such as cocaine. Thus, the responsive verdicts for such a charge are controlled by La.C.Cr.P. art. 815, which provides that all lesser grades of the charged offense are responsive verdicts. Lesser and included offenses are those in which all of the essential elements of the lesser offense are also *1369 essential elements of the greater offense. State v. Dufore, 424 So.2d 256 (La.1982). The crime of possession of cocaine with intent to distribute contains an element not found in the crime of possession of 28 grams or more of cocaine, that is, the state must prove the defendant's specific intent to possess in order to distribute. State v. Jordan, 489 So.2d 994 (La.App. 1st Cir. 1986). Thus, the crime of possession of cocaine with intent to distribute is not a responsive offense to the charge of possession of 28 grams or more of cocaine.
On the face of the record before us, the defendant stands charged with possession of 28 grams or more of cocaine. The trial court was not authorized to accept a plea of guilty for an offense with which the defendant was not charged. Cf. Cook, 372 So.2d at 1205. Accordingly, the guilty plea is invalid and must be set aside.

DECREE
For the foregoing reasons, the defendant's conviction and sentence are reversed, and the case is remanded to the trial court for further proceedings in accordance with law.
REVERSED AND REMANDED.