543 So.2d 1129 (1989)
STATE of Louisiana
v.
Julio Cesar GAMBOA.
No. 88 KA 1228.
Court of Appeal of Louisiana, First Circuit.
May 16, 1989.
*1130 Bryan Bush, Dist. Atty., Office of the Dist. Atty., Baton Rouge by Catherine Taylor, for plaintiff-appellee.
Theodore Schirmer and Stephen A. Dixon, Office of the Public Defender, Baton Rouge, for defendant-appellant.
Before EDWARDS, SHORTESS and SAVOIE, JJ.
SHORTESS, Judge.
Julio Cesar Gamboa (defendant) was charged by bill of information with possession of cocaine with intent to distribute. LSA-R.S. 40:967(A). Defendant pled not guilty and filed a motion to suppress the seized contraband. After a hearing, the trial court denied his motion. Defendant then withdrew his plea of not guilty and entered a plea of guilty as charged, expressly reserving his right to appeal the denial of his motion to suppress. See State v. Crosby, 338 So.2d 584 (La.1976). After accepting defendant's guilty plea, the trial court sentenced him to a five-year term of imprisonment in the custody of the Louisiana Department of Public Safety and Corrections. Execution of the sentence was suspended, and defendant was placed on supervised probation for two and one-half years with special conditions.
Defendant brings this appeal, urging two assignments of error, both of which assert that the trial court erred by denying his motion to suppress.
The transcript of the hearing on the motion to suppress reveals that on June 22, 1987, Bryan White of the East Baton Rouge Parish Sheriff's Office received information from a confidential informant of proven reliability that defendant was selling cocaine from his apartment at 527 Jennifer Jean Street; that the confidential informant had provided White with reliable information in the past, which had resulted in four or five arrests and one conviction up to that time; and that the informant knew the identity of the other individuals living with defendant and indicated that he had been present when defendant made cocaine transactions. As a result of this information, White set up a surveillance of defendant's duplex apartment. He observed many individuals coming to the residence and departing after only four or five minutes.
At 4:00 p.m., on June 23, 1987, White received another tip from the same informant, that defendant was to make a cocaine sale at 4:30 p.m. that afternoon. The informant described defendant and identified the shopping center where the transaction was to take place. The informant further stated that defendant would travel by bicycle and approximately one ounce of cocaine would be in a pouch immediately behind the bicycle seat.
White immediately went to defendant's neighborhood and positioned himself in an unmarked vehicle so he could observe defendant's apartment. At approximately 4:30 p.m., defendant left his apartment, got on a bicycle, and headed toward the shopping center. When defendant took a right turn onto the street that would lead him directly to the shopping center, White identified himself as a deputy sheriff. Defendant was told to get off his bicycle and to place his hands on White's vehicle. Defendant complied. Thereafter, White searched the pouch-like compartment of the bicycle. Inside the pouch, White found an envelope. Inside the envelope were two plastic bags. One bag contained approximately one ounce of cocaine, and the other bag contained about two grams of cocaine. At that point, defendant was arrested and then given his Miranda rights.
After the arrest, defendant executed a search warrant waiver for his apartment. Defendant signed the waiver after reading the form and being advised by White that he did not have to consent to a search of his apartment. During the search White recovered a gram scale from defendant's bedroom and one and one-half to two grams of cocaine from the kitchen vent filter.
ASSIGNMENTS OF ERROR NUMBERS ONE AND TWO:
Defendant contends that White did not act within constitutional limits by stopping him on a public roadway and conducting a *1131 warrantless search of the pouch and his bicycle. He further contends that the authorization to search his apartment was tainted by this prior illegality. We disagree.
The state has the burden of proving the admissibility of evidence seized during a search conducted without a warrant. La.C. Cr.P. art. 703(D). A search conducted without a warrant is per se unreasonable under the fourth amendment, subject only to a few specifically established and well-delineated exceptions. State v. Porterfield, 524 So.2d 1363, 1366 (La.App. 1st Cir.1988). One of these is the "automobile" exception which is based upon the existence of probable cause to search the vehicle and exigent circumstances which render it impractical to secure a warrant. State v. Porterfield, 524 So.2d at 1366.
Probable cause can be based on knowledge supplied to an officer by another person, even if the identity of the informant is kept confidential. Probable cause to search exists when the facts and circumstances are sufficient to support a reasonable belief that an offense has been committed and that evidence or contraband may be found at the place to be searched. State v. Williams, 432 So.2d 1003, 1008 (La.App. 1st Cir.), writ denied, 435 So.2d 439 (La.1983). To determine whether the information furnished by a confidential informant provides probable cause for an arrest or a search, a court must utilize a "totality of circumstances analysis" and consider, among other things, the informant's veracity, facts relating to the informant's basis of knowledge and corroboration of the informant's information. State v. Porterfield, 524 So.2d at 1367; see also Illinois v. Gates, 462 U.S. 213, 103 S.Ct. 2317, 76 L.Ed.2d 527 (1983); State v. Raheem, 464 So.2d 293, 296 (La.1985).
Here, the informant telephoned White on two occasions and identified himself. White testified that the informant had provided reliable information in the past. In addition, the informant set forth personal observation as a basis of knowledge for the first tip. Although he did not disclose a further basis of knowledge for the second tip, he did predict certain future acts by defendant, the occurrence of which were corroborated. The accurate prediction of defendant's future actions indicated a good possibility that the informant's information was reliable and was obtained either from defendant or from someone close to him. Although defendant's predicted bicycle travel to a nearby shopping center was not illegal in itself, the corroboration of these details added to the informant's veracity and reliability, and created a reasonable basis to believe the informant's unverified allegation that defendant was transporting contraband on his bicycle. See State v. Hubbard, 506 So.2d 839, 842-843 (La.App. 1st Cir.1987).
The present standard for warrantless "automobile" searches under the fourth amendment was expressed in United States v. Ross, 456 U.S. 798, 102 S.Ct. 2157, 72 L.Ed.2d 572 (1982). In Ross, the United States Supreme Court held that police officers who have legitimately stopped an "automobile" and who have probable cause to believe that contraband is concealed within it may conduct a search of the vehicle that is as thorough as a magistrate could authorize in a warrant particularly describing the place to be searched. 102 S.Ct. at 2173 (citing Mincey v. Arizona, 437 U.S. 385, 98 S.Ct. 2408, 2412, 57 L.Ed. 2d 290 (1978)); see also State v. Brooks, 452 So.2d 149, 152 (La.1984).
In Ross, the United States Supreme Court noted that since its earliest days Congress has recognized the impracticality of securing a warrant in cases involving the transportation of contraband. Historically, searches of vessels, wagons, and carriagesas opposed to fixed premises such as a home or other buildinghave been considered reasonable by Congress because the vehicle can be moved out of the locality in which the warrant must be sought. 102 S.Ct. at 2162-2163. In light of established history, individuals always have been on notice that movable vehicles may be stopped and searched on facts giving rise to probable cause that the vehicle contains contraband, without the protection afforded by a magistrate's prior evaluation of the *1132 facts. 102 S.Ct. at 2163, n. 8. The decision is based on the practicality of the situations and a realistic appraisal of the relatively minor protection that a contrary rule would provide for privacy interests. 102 S.Ct. at 2163, n. 9.
Defendant was on a bicycle and not in an automobile as in Ross. However, a bicycle is as mobile as an automobile or even more so in terms of the ability of its rider to conceal the vehicle entirely. In addition, a bicycle is no less likely a means of illicit drug trafficking over relatively short distances than any other mode of transportation. The court in Ross held that "[t]he scope of a warrantless search of an automobile thus is not defined by the nature of the container in which the contraband is secreted.... [but] by the object of the search and the places in which there is probable cause to believe that it may be found." 102 S.Ct. at 2172. Today we hold that the validity of the search of a vehicle is not defined by the mode of transportation that it provides so long as its characteristics of mobility are like that of an automobile, and that mobility for these purposes requires consideration of more than the speed at which it can be operated. United States v. Chadwick, 433 U.S. 1, 97 S.Ct. 2476, 53 L.Ed.2d 538 (1977) is inapposite to the situation at bar because in Chadwick the court held that a footlocker did not possess the requisite characteristics of mobility. A footlocker, clearly, in terms of mobility herein defined is much different from a bicycle. The search of the pouch behind the bicycle seat can be likened to the search of the trunk of an automobile, and in light of the object of the search and the fact that there was probable cause to believe that the contraband might be found there, was proper. See 102 S.Ct. at 2172.
White had probable cause to believe that defendant was transporting contraband, so the scope of his search clearly included opening of the package being transported in the pouch behind defendant's bicycle seat. Having also found that defendant was being lawfully detained at the time he consented to a search of his apartment, that search was not tainted by any prior police misconduct. Accordingly, defendant's assignments of error lack merit. Defendant's conviction and sentence are affirmed.
AFFIRMED.