_JjPLOTKIN, J.
The issue in this case is the correctness of the trial court’s denial of the defendant’s motion to suppress the evidence seized during a police stop and search.
Defendant, Charles E. Collins, was charged by bill of information with possession of cocaine, a violation of La.R.S. 40:967(0(2). He pled not guilty and March 18,1997, the district court denied defendant’s motion to suppress the evidence. On April *504 15, 1997, following a trial by jury, defendant was found guilty as charged. On April 28, 1997, the state filed a multiple bill of information against defendant. Defendant entered a plea of not guilty to the multiple bill. On May 16,1997, defendant entered a plea of guilty as charged to the multiple bill. Defendant was sentenced as a second offender to thirty months at hard labor with credit for time served.

FACTS:

Officer Raymond Veit and Agent Mike Hutton testified regarding their arrest of defendant. The following facts are adduced from their testimony.
Officer Raymond Veit testified that on May 28, 1996 he arrested defendant in the 2000 block of Whitney Avenue. He stated this area, in the Fischer Housing ^Project, is a known high crime area. On the day of defendant’s arrest, Officer Veit was working with Agent Mike Hutton of the Bureau of Alcohol, Tobacco and Firearms. He stated he and Agent Hutton were on routine patrol when they observed a grey vehicle parked in the 2000 block of Whitney Avenue. An unknown black male occupied the vehicle. Another unknown black male was standing outside the vehicle and leaning into the passenger window. When the defendant, the driver of the vehicle, saw the officers, he threw several objects out of the driver’s window of the car. The officers exited the vehicle. Officer Veit approached defendant. Agent Hutton approached the other male. Officer Veit retrieved the objects which defendant threw out of the car window. The objects were several pills, which Officer Veit believed to be Valium. Officer Veit informed defendant that he was under investigation for possession of narcotics and read defendant his rights. Defendant indicated he understood his rights. Officer Veit testified defendant was not under arrest at this time. Officer Veit asked defendant if he had a prescription bottle or a prescription for the pills. Defendant answered “No.” At that time, Officer Veit placed defendant under arrest for possession of Valium and read him his rights again. While Officer Veit was retrieving a plastic bag to put the pills in, Agent Hutton searched the defendant incident to the arrest for possession of Valium. Agent Hutton found a syringe containing a liquid inside defendant’s pants pocket. He placed the syringe on the hood of defendant’s car. When Officer Veit returned, after retrieving the plastic bag, he saw the syringe on the hood of the car. Officer Veit, believing the liquid was probably heroin, asked defendant if the liquid was heroin. Defendant answered that the liquid was cocaine. Defendant was arrested for possession of cocaine.
Officer John Palm testified he is a crimi-nalist with the New Orleans Police Department crime lab. He stated he tested the liquid found in the syringe that was (¡seized from defendant, and it tested positive for cocaine. He also stated he tested five pills which defendant discarded from the car window. The pills tested negative for a controlled dangerous substance. He stated the pills were “catapres,” a blood pressure medication.

ERRORS PATENT:

A review for errors patent reveals none.

ASSIGNMENT OF ERROR:

By his sole assignment of error, defendant asserts the trial court erred in not granting his motion to suppress the evidence. Specifically, defendant argues the police officers lacked reasonable suspicion to justify the investigatory stop of defendant. In addition, defendant argues that the officers also lacked probable cause to arrest him for possession of Valium.
The authorization for a temporary stop by a police officer of a person in a public place is set forth in C.Cr.P. art. 215.1, which provides in part:
A. A law enforcement officer may stop a person in a public place whom he reasonably suspects is committing, has committed, or is about to commit an offense and may demand of him his name, address, and an explanation of his actions.
See also, Terry v. Ohio, 392 U.S. 1, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1968); State v. Guy, 575 So.2d 429 (La.App. 4 Cir.1991), writ den. 578 So.2d 930 (1991); State v. Smith, 573 So.2d 1233 (La.App. 4 Cir.1991), writ den. 577 So.2d 48 (1991); State v. Johnson, 557 *505 So.2d 1030 (La.App. 4 Cir.1990); State v. Jones, 483 So.2d 1207 (La.App. 4 Cir.1986), writ den. 488 So.2d 197 (1986). As this court noted in Johnson;
“Reasonable suspicion” is something less than the probable cause required for an arrest, and the reviewing court must look to the facts and circumstances of each tease to determine whether the detaining officer had sufficient facts within his knowledge to justify an infringement of the suspect’s rights. State v. Jones, supra. Mere suspicion of activity is not a sufficient basis for police interference with an individual’s freedom. State v. Williams, 421 So.2d 874 (La.1982).
Johnson, at 1033. See also ⅝ Smith.
An investigatory stop is a “seizure” that must be justified by some objective manifestation that the person is or is about to be involved in criminal activity. The detaining officers must have knowledge of specific, ar-ticulable facts, which, if taken together with rational inferences from those facts, reasonably warrant the stop. State v. Vance, 93-1389 (La.App. 4 Cir. 2/26/94), 633 So.2d 819. When the citizen is stopped without reasonable cause, or when a stop without reasonable cause is imminent, the right to be left alone is violated and renders unlawful any resultant seizure of abandoned property. State v. Tucker, 626 So.2d 707 (La.1993).
It is well settled that a search conducted without a warrant is per se unreasonable, subject only to a few specifically established and well-delineated exceptions. Schneckloth v. Bustamonte, 412 U.S. 218, 93 S.Ct. 2041, 36 L.Ed.2d 854 (1973); State v. Tomasetti 381 So.2d 420 (La.1980). One such exception is a search incident to a lawful arrest made of a person and the area in his immediate control. Chimel v. California, 395 U.S. 752, 89 S.Ct. 2034, 23 L.Ed.2d 685 (1969); Tomasetti, at 423.
A warrantless arrest must be based on probable cause. Probable cause exists when the facts and circumstances known to the arresting officer and of which he has reasonably trustworthy information are sufficient to justify a man of ordinary caution in believing that the person to be arrested has committed a crime. Tomasetti citing Beck v. Ohio, 379 U.S. 89, 85 S.Ct. 223, 13 L.Ed.2d 142 (1964). Also relevant to a determination of probable cause to arrest is the nature of the area in which the activity of the defendant is observed. High crime areas are places in which the ^character of the area gives color to conduct which might not otherwise arouse the suspicion of the officer. State v. Buckley, 426 So.2d 103 (La.1983).
In State v. Melton, 412 So.2d 1065 (La.1982), the arresting officer entered the restroom of a discotheque and observed the defendant holding a plastic bag containing a number of pills. When the defendant saw the officer, he put the bag into his left boot. The officer identified himself as a police officer and asked the defendant to step outside where another officer was located. The officers searched the defendant and seized the contraband. The officer, who first observed the defendant in the restroom, did not know what kind of pills were in the bag, but he believed the pills were contraband because the discotheque was a known drug haven. The trial court granted the motion to suppress the evidence on the grounds that there was no arrest and no probable cause for the search. In reversing the trial court, the supreme court found that although the defendant was not formally told that he was under arrest before the search, the officer had probable cause to arrest the defendant when he observed the pills even though the identity of the pills as contraband was not known at that time. The court concluded that because the officer had knowledge that the discotheque was a known drug haven, his belief that the pills were contraband was reasonable under the circumstances.
In the instant case, the initial inquiry is whether the officers had reasonable suspicion to stop defendant. The officers were assigned to patrol the area of the project because it was a known high crime area. Officer Veit testified his suspicions were aroused when defendant discarded the pills after seeing the officers. This action is not consistent with innocent behavior. Thus, the officers had reasonable suspicion to believe that defendant was engaging in criminal activity. The investigatory stop was justified. *506 The seizure of the pills was legal as abandoned property.
The next inquiry is whether Officer Veit had probable cause to arrest ^defendant for possession of Valium. While Officer Veit had no definitive proof that the pills were Valium, his belief that they were Valium was reasonable under the circumstances. Defendant was informed of his rights and indicated that he understood those rights. Officer Veit asked defendant if he had a prescription bottle for the pills or a prescription for the pills. Defendant answered “No”. This fact, coupled with the fact that defendant discarded the pills in a known high crime area upon seeing the officers, forms the basis for the probable cause to arrest defendant for possession of what the officer believed was a controlled dangerous substance. The search subsequently conducted by Agent Hutton was a search incident to the lawful arrest of defendant. The syringe that was seized from defendant’s pants pocket was legally seized. Therefore, defendant’s arrest for possession of cocaine was legal.
For the foregoing reasons, the trial court’s judgment denying defendant’s motion to suppress is correct. Defendant’s conviction and sentence are affirmed.

AFFIRMED.